| | |
|---|---|
| JOSEPH KIRBY | PLAINTIFF |
| VS. | CIVIL ACTION NO.: 2:19-cv-00195-KS-MTP |
| SHELTER INSURANCE COMPANY;<br>JEREMY JORDAN; ALLEN SUMRALL and<br>JOHN AND JANE DOES 1-5 | DEFENDANTS |

**PLAINTIFF, JOSEPH KIRBY'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S RESPONSE IN OPPOSITION OF DEFENDANT SHELTER'S MOTION TO SEVER**

Now into Court, through counsel, comes the Plaintiff Joseph Kirby ("Kirby") and files this, his Memorandum in Support of Plaintiff's Response in Opposition of Defendant, Shelter's Motion to Sever [5], in the above styled and numbered cause of action, and in support thereof would show unto the Court the following:

**I.      Relief Requested**

Kirby respectfully requests that this Court deny Defendant's Motion to Sever because 1) the Plaintiff has not "fraudulently joined" or "misjoined" non-diverse, adverse Defendants, (Jordan and Sumrall), in effort to defeat jurisdiction and 2) the Plaintiff has asserted a viable claim against both Shelter's agent and adjuster in the complaint.

**II.     Factual and Procedural Background**

On March 13, 2019, Kirby sustained a fire loss to his house located in Jefferson Davis County, Mississippi. [1-2] at p. 3. Thereafter, Kirby timely reported the claim to his insurance

*Kirby v. Shelter Mut. Ins. Co. et al* –
Memorandum in Support of
Plaintiff's Response in Opposition of
Defendants Motion to Sever

Page 1 of 14

agent and carrier, Shelter Mutual Insurance Company ("Shelter").  *Id* at p. 4.  This litigation was necessitated by the acts and/or omissions of each Defendant in mishandling the fire loss claim, delaying payment of insurance proceeds, and the wrongful denial of insurance proceeds under the policy issued by Shelter.  [1-2].

The Plaintiff filed his Complaint [1-2] in the Jefferson Davis County Circuit Court, against Defendants Shelter, Jordan and Sumrall on November 18, 2019.  Defendant Shelter then removed this lawsuit to federal court by filing its Notice of Removal [1] on December 18, 2019.  On December 26, 2020, Defendant Shelter filed a Motion to Sever [5] and Defendants Jordan and Sumrall filed a Motion to Dismiss [7].  That same day the Defendant Shelter filed a Memorandum in Support of it Motion to Sever. [6]

Shelter asks this Court to sever the claims against Defendant Jordan and Defendant Sumrall from the Plaintiff's lawsuit arguing (1) the Plaintiff "fraudulently joined" non-diverse, adverse Defendants, (Jordan and Sumrall), in effort to defeat jurisdiction and (2) the Plaintiff has no reasonable chance for independent recovery from Shelter's agent and adjuster based upon the allegations in the complaint.   For the reasons set forth below, the Court should deny said motion.

## III. Fraudulent Joinder

To show that the Plaintiff fraudulently joined a Defendant for the purpose of defeating jurisdiction, it is necessary that the removing party show either that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts. *Sibley v. Regency Toyota, Inc.,* 1999 WL 33537203 *2 (N.D. Miss., Dec. 9, 1999) (quoting *B., Inc.*, 663 F. 2d at 549 (citing *Keating v. Shell Chemical Company*, 610 F. 2d 328 (5th Cir. 1980); *Tedder v.*

Kirby v. Shelter Mut. Ins. Co. et al –
Memorandum in Support of
Plaintiff's Response in Opposition of
Defendants Motion to Sever

Page 2 of 14

*F.M.C. Corporation*, et al., 580 F.2d 115 (5th Cir. 1979); *Bobby Jones Garden Apartments v. Suleski*, 391 F.2d 172, 177 (5th Cir. 1968); *Parks v. New York Times Company*, 308 F. 2d 474, 478 (5th Cir. 1962); cert denied 376 U.S. 949, 84 S. Ct. 964 11 L.Ed.2d. 969 (1964). There is no dispute about the citizenship of Jordan and Sumrall. [1] at p. 2. Therefore, the Plaintiff's pleadings regarding jurisdictional facts are obviously not fraudulent.

Next, the determination as to whether a party is fraudulently joined looks to the viability of a cause of action against that party. See e.g., *Smith v. Nationwide Mut. Ins. Co.*, 286 F. Supp. 2d 777, 779 (S.D. Miss. 2003). It is not sufficient for a Defendant to merely label the joinders as "fraudulent". *Chesapeake & Ohio Railway Company v. Cockrell*, 232 U.S. 146, 152, 34 S.Ct. 278, 280, 58 L.Ed. 544 (1914); see also *B., Inc. v. Miller Co.,* 663 F.2d at 549. A claim of fraudulent joinder must be "pleaded with particularity and supported by clear and convincing evidence." And proven with certainty. MOORE'S, supra, § 10 7.14[2][c][iv]; *Parks v. New York Times Company*, 308 F. 2d 474, 478 (5th Cir. 1962) cert. denied 376 U.S. 949, 84 S.Ct. 964, 11 L.Ed. 2d 969 (1964). The Defendants have failed to plead with particularity or provide any evidence that the parties were fraudulently joined to defeat diversity. Nor have Defendants provided sworn testimony, document or other admissible evidence to support its baseless conclusions that the Defendants, Jeremy Jordan and Allen Sumrall were fraudulently joined.

"A district should ordinarily resolve a[n] improper joinder by conducting a Rule 12(b)(6)-type analysis." *Coleman v. Crum & Forster Holding Corp.*, 2014 WL 11514900 (214) (citing *McDonal v. Abbot Laboratories*, 408 F. 3d 177, 183 (5th Cir. 2005). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Great Lakes Dredge & Dock Co., LLC v. La. State,*

*Kirby v. Shelter Mut. Ins. Co. et al* –
Memorandum in Support of
Plaintiff's Response in Opposition of
Defendants Motion to Sever

Page 3 of 14

624 F.3d 201, 210 (5th Cir. 2010). "To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Id*. The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Id*. But the Court will not accept "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id*. Likewise, "a formulaic recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010). "While legal conclusions can provide the frame-work of a complaint they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 193 7, 1950, 173 L. Ed. 2d 868 (2009).

The United States Supreme Court has clarified the plaintiff's pleading burden under Rule 8(a), stating ,"[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcraft v. Iqbal*, at 1949-50. The purpose of Rule 8 is to give notice of the Plaintiff's claims and the grounds upon which it rests. *Ross v. State of Ala.*, 893 F. Supp. 1545, 1552 (M.D. Ala. 1995) (citing Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957).

A. **Proper joinder of Jeremy Jordan**

The Plaintiff has adequately asserted a viable cause of action against Jeremy Jordan, the insurance adjuster that investigated and adjusted Plaintiff's fire claim. The liability of persons involving the claims adjusting process is guided by the familiar standard set out in *Bass v. California Life Ins. Co.*, 581 So.2d 1087 (Miss. 1991). In *Bass*, the Court held that an adjuster or other individual involved in the claims, sales or underwriting process, may be found liable "where the claim alleges gross negligence, malice or reckless disregard for the rights of the insured." *Bass,*

*Kirby v. Shelter Mut. Ins. Co. et al –*
Memorandum in Support of
Plaintiff's Response in Opposition of
Defendants Motion to Sever

Page 4 of 14

581 So.2d at 1090 (quoting *Dunn v. State Farm Fire & Cas. Co.*, 711 F. Sup. 1359, 1361 (N.D. Miss. 1987). This holding was confirmed in *Gallagher Bassett Service, Inc. v. Jeffcoat*, 887 So.2d 777 (Miss. 2004).

Plaintiff has alleged the following:

> Defendant Jordan has failed, refused, and neglected to comply with the terms and conditions of said insurance policy and refusal to investigate all relevant information and failed to make a realistic evaluation of the claims and thereby breached the insurance contract between Defendant Shelter and Plaintiff Joseph Kirby.
>
> Defendant Jordan owes a Plaintiff a duty of good faith and fair dealing under the terms of said insurance policy.
>
> Defendant Jordan has breached its duty of good faith and fair dealing owed to the Plaintiff in the following ways:
>
> a. Failure to comply with the terms and provisions of said policy when Defendant knew or should have known that the Plaintiff was entitled to said proceeds;
>
> b. Willfully and in bad faith failure to investigate all relevant information or failure to make realistic evaluation of claims;
>
> c. Refusal to honor the claim of the Plaintiff without a legitimate or arguable reason;
>
> d. Refusal to honor the claim of the Plaintiff for reasons contrary to the express provisions of the policy;
>
> e. Willfully and in bad faith using the unequal wealth and bargaining position of the parties to affect economic gain for Defendant Shelter;
>
> f. By refusing to comply with policy terms at a time when the Defendant Jordan had insufficient information or other data within its possession to justify such action; and
>
> g. By other acts and omissions of Defendant Jordan.

*Kirby v. Shelter Mut. Ins. Co. et al* –
Memorandum in Support of
Plaintiff's Response in Opposition of
Defendants Motion to Sever

Page 5 of 14

> As a direct and proximate result of the aforesaid wrong conduct of the Defendant Jordan, Plaintiff has suffered the loss of his home and the use thereof, out of pocket expenses, inconvenience, anxiety, worry mental and emotional distress and other damages.
>
> Defendant Jordan has willfully and intentionally wronged the Plaintiff or treated the Plaintiff with gross and reckless negligence as is equivalent to such a wrong entitling the Plaintiff to recover punitive damages from Defendant in addition to actual damages.

Complaint [1-2] at pp. 10 – 11.

Furthermore, Jordan is named as a defendant in his capacity as an adjuster, representative and employee of Shelter. Should the Court disregard, sever or dismiss the claims against Jordan, the Court will in effect bar claims for relief against Shelter under the doctrine of respondeat superior. An action against an employer based on the doctrine of respondeat superior is a derivative claim arising solely out of the negligent conduct of its employee within the scope of his or her employment. *J & J Timber Co. v. Broome*, 932 So. 2d 1, 6 (Miss. 2006). There can be no assessment of damages against the employer when no action can be brought against [a] negligent party-the employee." *Id*. *Smith v. Taylor Propane, Inc.*, No. CIV.A.208CV149KSMTP, 2009 WL 1851001, at *1 (S.D. Miss. June 26, 2009)

The Mississippi Supreme Court has held that an individual who participates in the bad faith denial of worker's compensation benefits can be personally named in the resulting suit. *Coleman v. Crum & Forster Holdings Corp.*, 2014 WL 11514900 (2014) (quoting *Leathers v. Aetna Cas. & Sur. Co.*, 500 So. 2d 451, 453 (Miss. 1986). In *Leathers*, the plaintiff sued Aetna Casualty and Johnna Rice, the adjuster, for bad faith denial of worker's compensation benefits and other intentional torts. *Leathers* at 453. Rice sought to be dismissed by arguing that "she was mere employee or agent of Aetna and had not duty toward" the plaintiff. *Id*. The Mississippi Supreme

*Kirby v. Shelter Mut. Ins. Co. et al* –
Memorandum in Support of
Plaintiff's Response in Opposition of
Defendants Motion to Sever

Page 6 of 14

Court disagreed. "[O]ur general rule in tort is that the agent or servant, the one whose conduct has rendered his principal liable, has individual liability to the plaintiff." *Id*. The Court continued, "[i]n many contexts the principal thereafter has indemnity rights against the agent." *Id*. The Court declined to dismiss Rice and remanded the case for further proceedings. *Id*.

The Plaintiff has adequately asserted a viable cause of action against Jordan, the insurance adjuster that investigated and adjusted Plaintiff's fire claim. The liability of persons involving the claims adjusting process is guided by the familiar standard set out in *Bass v. California Life Ins. Co.*, 581 So.2d 1087 (Miss. 1991). Also, Jordan is named as a defendant in his capacity as an adjuster, representative and employee of Shelter Casualty Insurance Company. Should the Court disregard, sever or dismiss the claims against Jordan, the Court will in effect bar claims for relief against Shelter under the doctrine of respondeat superior.

In conclusion, the Plaintiff has properly joined Jordan as a Defendant in this case.

### B. Proper Joinder of Allen Sumrall

The Plaintiff has asserted a state cause of action of negligence against Sumrall in this matter. Sumrall was the insurance agent that sold the subject Shelter insurance policy to the Plaintiff. Also, the Plaintiff reported the fire to Sumrall immediately after the fire occurred and relied on his advice regarding coverage and the investigation process. The Plaintiff's claims against Sumrall center around representations or, misrepresentations, made at the time he sold the policy to the Plaintiff, as well as, his negligence and misrepresentations he made at the time the Plaintiff's claim was pending, which he alleges caused unreasonable delay of his claims.

With regard to Defendant Allen Sumrall, the complaint states:

*Kirby v. Shelter Mut. Ins. Co. et al* –
Memorandum in Support of
Plaintiff's Response in Opposition of
Defendants Motion to Sever

Page 7 of 14

> Under Mississippi law, an insurance agent must use the degree of diligence and care with reference thereto, which a reasonable person would exercise in the transaction of his own business.
>
> When an insurance agent offers advice to its insured, he has a duty to exercise reasonable care in doing so.
>
> In this case, Allen Sumrall failed to exercise reasonable care in advising the Plaintiff that he would be covered under the policy for damages.
>
> Plaintiff would further show that he relied on Sumrall's advice and in fact purchased the insurance coverage policy under Shelter as a direct result of Sumrall's advice.
>
> As a direct result of Sumrall's breach of his duty to exercise reasonable care, the Plaintiff has suffered extensive damages.

[1-2] at p. 16.

> At the time of the fire, a Shelter insurance coverage policy was in effect. The Plaintiff had purchased the insurance policy through agent Allen Sumrall. The policy provided for $172,900.00 in coverage for the dwelling, $17,290.00 for other structures ("detached from the dwelling"), $95,095.00 for personal property coverage. The policy provided for additional living expenses, which covered "reasonable increase to maintain normal standard of living, for the shortest time needed to repair or replace damaged property or to permanently relocate." Also, the policy provides for reasonable debris removal.
>
> Fire damage and ensuing damages as a result thereof were covered by the policy. The policy is a homeowner's policy; such that once the insurer demonstrates a loss occurred during the policy period, the burden is on the insurer to prove that any exclusion to coverage applies to preclude coverage for the loss.
>
> Following the fire loss, Plaintiff, Joseph Kirby, timely notified Shelter of its loss and damages as a result of the fire, then retrieved claim No. HO02197009 assigned to Plaintiff's claim, ("the claim").
>
> Thereafter, Shelter conducted a series of cursory investigations of the loss and damages by sending its representatives to inspect the property.

*Kirby v. Shelter Mut. Ins. Co. et al –*
Memorandum in Support of
Plaintiff's Response in Opposition of
Defendants Motion to Sever

Page 8 of 14

> Shelter has failed to tender payment for the dwelling, personal property, debris removal and other expenses covered under the policy. Shelter has continued to delay and/or deny payment on the Dwelling, Personal Property and debris removal since March 2019. On March 13, 2019, the Plaintiff notified Defendant Shelter of the fire.

[1-2] at pp. 4, ¶ 12-18.

Mississippi recognizes negligence claims against insurance agents when the insurance agent offered advice to the insured regarding coverage. Accordingly, the decision of *Mladineo v. Schmidt*, 52 So.3d 1154 (2010) should control here.

In *Mlandineo*, the Mississippi Supreme Court held:

> "An insurance agent must use that degree of diligence and care with reference thereto which a reasonable and prudent [person] would exercise in the transaction of its own business." *Mckinnon v. Batte,* 485 So.2d 295, 297 (Miss. 1986) (quoting, *Security Ins. Agency, Inc. v. Cox,* 299 So.2d 192, 194 (Miss. 1974). (see also, *Taylor Machine Works, Inc v. Great American Lines Ins. Co.*, 635 So. 2d 192, 194 (Miss. 1974); and *First United Bank of Poplarville v. Reid*, 612 So. 2d 1131, 1137 (Miss. 1992). "It is a question of fact whether [the defendant] breached his duty by allegedly information the [plaintiff] that their property was not in a flood plain and counseling against flood insurance. Further, it is a question of fact whether any such breach proximately caused any damages to the [plaintiff's] such as uninsured claims resulting from the lack of flood coverage… This alleged omission and misrepresentations are not barred by the "imputed knowledge of the policy because they are not misrepresentations that would have been disclosed by reading the policy." *Ballard v. Commercial Bank of Dekalb*, 991 So. 2d 1201, 1207 (Miss. 2008).

The Court went on to hold:

> "However, we find that if agents do offer advice to insureds, they have a duty to exercise reasonable care in doing so. A jury should be allowed to decide whether reasonable care was exercised." Therefore, summary judgment was improperly granted as to this issue. The [plaintiff's] negligence claim against the [defendant], is remanded to the trial court for further proceedings to determine if

*Kirby v. Shelter Mut. Ins. Co. et al* –
Memorandum in Support of
Plaintiff's Response in Opposition of
Defendants Motion to Sever

Page 9 of 14

> Schmidt's alleged representations regarding the [plaintiff's] insurance breached his professional duty and proximately caused any damages to the [plaintiff].

*Mladineo v. Schmidt*, 52 So.3d 1154 (2010).

Based on the above authority, Mississippi does recognize negligence claims against insurance agents when the insurance agent indeed offered advice to the insured regarding coverage. The Plaintiff has adequately stated a claim for negligence against agent Sumrall in his complaint. Plaintiff adequately alleged that he relied on Sumrall's advice and in fact purchased the insurance coverage policy under Shelter as a direct result of Sumrall's advice; that as a direct result of Sumrall's breach of his duty to exercise reasonable care, the Plaintiff has suffered extensive damages.

In conclusion, the Plaintiff has asserted a state cause of action of negligence against Allen Sumrall in this matter according to the *Mlandineo* standard, which provides that Mississippi does recognize negligence claims against insurance agents.

## IV. Subject Matter Jurisdiction

Under 28 U.S.C. § 1332, this Court only maintains jurisdiction if diversity of citizenship exists among the parties. Defendants have admitted that Jeremy Jordan and Allen Sumrall are citizens of Mississippi, but maintain that they were fraudulently joined and therefore, citizenship should be disregarded. Based on the aforementioned arguments regarding fraudulent joinder, Defendants Jeremy Jordan and Allen Sumrall are properly joined to this lawsuit as adverse party defendants. As proper adverse party defendants, Jeremy Jordan and Allen Sumrall should not be dismissed as parties to the lawsuit.

*Kirby v. Shelter Mut. Ins. Co. et al* –
Memorandum in Support of
Plaintiff's Response in Opposition of
Defendants Motion to Sever

Page 10 of 14

Complete diversity of citizenship does not exist in this matter, and Jeremy Jordan and Allen Sumrall have been properly joined. The Plaintiff, Joseph Kirby, is a Mississippi resident. Shelter has admitted that Defendants, Jordan and Sumrall are resident citizens of the State of Mississippi. [1] at p. 2. This matter should be immediately remanded to the Circuit Court of Jefferson Davis County, Mississippi.

V.  **Misjoinder**

In Shelter's Memorandum in Support of its Motion to Sever [6] Defendant has applied a Rule 12(b)(6) standard to analyze its argument that the Court should sever the Plaintiff's claims.

However, a proper "fraudulent misjoinder" analysis employs the *Tapscott* theory, which was originally advanced by the United States Court of Appeals for the Eleventh Circuit in *Tapscott v. MS Dealer Service*, 77 F.3d 1353 (11th Cir. 1996). The 5th Circuit has never expressly adopted the *Tapscott* theory but mentions it in dicta. *Texas Instrument Inc. v. Citigroup Global Markets, Inc.*, 266 F.R.D. 143 (5th Cir. 2010) But see also *Schwartz v. Chubb & Sons, Inc.*, 2006 WL 980673 (E.D. La 2006) ("*Tapscott*-type fraudulent misjoinder may not be recognized in the Fifth Circuit").

According to the *Tapscott* theory, "plaintiffs may not misjoin claims under Federal Rule Civil Procedure 20 in order to include non-diverse defendant and thereby defeat diversity. *Wells Fargo Bank, N.A. v. Am. Gen. Life Ins.*, 670 F. Supp. 2d 555, 559 (N.D. Tex. 2009). Thus, under this theory, when a plaintiff improperly joins claims against a non-diverse defendant with claims against a diverse defendant, the court may disregard citizenship of the non-diverse defendant and exercise removal jurisdiction. See *Tapscott*, 77 F.3d at 1359-60. However, this requires more than mere procedurally defective misjoinder. see *Texas Instruments*, 266 F.R.D. at 147; *Wells Fargo*, 670 F. Supp. 2d at 562. "The joined parties and claims must be without a palpable

*Kirby v. Shelter Mut. Ins. Co. et al* –
Memorandum in Support of
Plaintiff's Response in Opposition of
Defendants Motion to Sever

Page 11 of 14

connection causing joinder to be egregious, totally unsupported or purposeful attempt to defeat removal. *Wells Fargo*, 670 F. Supp. 2d at 563 (citing *Bright v. No. Cuts, Inc.*, No. 03-640, 2003 WL 22434232, at *5 (E.D.La. Oct. 27, 2003).

Under the *Tapscott* rubric, the court "would only be able to accept jurisdiction based on the misjoinder of ... plaintiffs ... if such misjoinder were 'egregious.' It is thus apparent that, for *Tapscott* to be applicable, this court would be required to find a level of misjoinder that was not only improper, but grossly improper." *Walton v. Tower Loan of Mississippi*, 338 F.Supp.2d 691, 695 (N.D.Miss.2004). *Barnes v. Vistar Ins. Servs., Inc.,* No. 2:03 CV 343 KS JMR, 2006 WL 1806468, at *1 (S.D. Miss. June 29, 2006)

District courts within this Circuit have considered numerous cases removed from state court on the basis of allegedly [fraudulent misjoinder], and the overwhelming majority of those cases have been remanded to state court, often on the ground that even if the parties have been misjoined, such misjoinder is not so egregious as to be fraudulent." *Texas Instruments*, 266 F.R.D. at 147.

Mississippi Rule of Civil Procedure 20(a) provides that "[a]ll persons may be joined in one action as Defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction or occurrence, and if any question of law or fact common to all Defendants will arise in the action." *Hegwood v. Williamson*, 949 So. 2d 728, 730 (Miss. 2007).

> **A. Allen Sumrall and/or Jeremy Jordan are properly joined as Defendants in this cause of action and should not be severed.**

*Kirby v. Shelter Mut. Ins. Co. et al* –
Memorandum in Support of
Plaintiff's Response in Opposition of
Defendants Motion to Sever

Page 12 of 14

Allen Sumrall or Jeremy Jordan are not fraudulently misjoined in this action. The Plaintiff alleges negligence and gross negligence against Sumrall which stem from Sumrall's representations and advice regarding Plaintiff's coverage and claim for damages under the Shelter insurance policy. The Plaintiff alleges breach of contract, bad faith, negligence and gross negligence which stem from Jordan's acts and/or omissions in evaluating and investigating the Plaintiff's fire claim under the Shelter insurance policy. The acts of Sumrall and Jordan, as alleged in the Complaint, are "palpably connected" to the improper adjusting, bad faith and breach of contract by Shelter in connection with Plaintiff's fire loss claim and raise common questions of law and fact. Therefore, Shelter cannot prove any fraudulent misjoinder on the part of Plaintiff in this case.

## VI. Conclusion

For the foregoing reasons, Plaintiff respectfully requests this Court deny the Defendants motion to sever because Defendants are properly joined as Defendants, and Plaintiff has asserted viable claims against Jeremy Jordan and Allen Sumrall.

RESPECTFULLY SUBMITTED, this the 23rd day of January, 2020.

JOSEPH KIRBY, Plaintiff

By: s/ Megan Stuard Thornton
Counsel for Plaintiff

MEGAN S. THORNTON, MSB No. 104104
The Stubbs Law Firm, PLLC
P.O. Box 1029
Prentiss, MS 39474
P. (601) 837-1008
F. (601) 837-1414
megan@stubbsms.com
Counsel for Plaintiff

*Kirby v. Shelter Mut. Ins. Co. et al* –
Memorandum in Support of
Plaintiff's Response in Opposition of
Defendants Motion to Sever

CERTIFICATE OF SERVICE

  I, the undersigned, hereby certify that I have electronically the foregoing pleading or other paper with the Clerk of the Court using the EFC system which sent notification of such filing to all counsel of record

  This the 23rd day of January, 2020.

                /s/ Megan S. Thornton
                Megan Stuard Thornton, MSB #104104
                megan@stubbsms.com

MEGAN S. THORNTON, MSB No. 104104
The Stubbs Law Firm, PLLC
P.O. Box 1029
Prentiss, MS 39474
P. (601) 837-1008
F. (601) 837-1414
megan@stubbsms.com
Counsel for Plaintiff

*Kirby v. Shelter Mut. Ins. Co. et al* –
Memorandum in Support of
Plaintiff's Response in Opposition of
Defendants Motion to Sever