# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

JOSEPH KIRBY                                                                  PLAINTIFF

V.                                         CIVIL ACTION NO. 2:19-cv-00195-KS-MTP

SHELTER INSURANCE COMPANY;
JEREMY JORDAN; ALLEN SUMRALL and
JOHN AND JANE DOES 1-5                                        DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This cause came before the Court on the following motions: Plaintiff's Motion to Remand [10]; Defendant Shelter Insurance Company's Motion to Sever [5]; and Defendants, Jeremy Jordan's and Allen Sumrall's Motion to Dismiss for Lack of Subject Matter Jurisdiction [7]. All motions have been fully briefed and are ripe for ruling. Having reviewed the parties' submissions and the relevant legal authority, and otherwise being duly advised in the premises, the Court finds, for the reasons stated below, remand will be denied and the claims against Jeremy Jordan and Allen Sumrall will be dismissed.

## I.     BACKGROUND

This case arises from a March 13, 2019 fire that destroyed Plaintiff's home, which was insured through a homeowner's policy issued by Shelter Insurance Company ("Shelter"). Plaintiff initiated this action on August 18, 2019 in the Circuit Court of Jefferson Davis County, Mississippi. In his Complaint, in addition to Shelter, Plaintiff named Jeremy Jordan ("Jordan") and Allen Sumrall ("Sumrall") as Defendants. Plaintiff alleges that Jordan is an employee and representative of Shelter. [1-2] at ¶ 3. Sumrall is alleged to be an agent of Shelter. [1-2] at ¶ 4.

After the fire, on the same day, Plaintiff timely notified Shelter of the loss and his damages and was assigned a claim number. [1-2] at ¶ 16, 19. Following the fire, Shelter's

representatives inspected the property. [1-2] at ¶ 17. From March until September 20, 2019 at various intervals, Plaintiff submitted documentation and sworn statements and was examined under oath. [1-2] at ¶¶ 20-26. On September 20, 2019, following a demand for payment, Shelter refused to pay the claim for losses to the dwelling, personal property, and debris removal. [1-2] at ¶¶ 28, 29. On October 30, 2019, Plaintiff's counsel requested an update regarding coverage of the claim, but, as of the time the lawsuit was filed, no update had been provided. [1-2] at ¶ 30. Plaintiff complains that Shelter has not paid the claim or provided any reimbursement for losses sustained. [1-2] at ¶¶ 18, 29, 32. Plaintiff claims that Shelter "failed to properly investigate, purposely and wrongfully delayed the claim, and without arguable reason denied payment." [1-2] at ¶ 31.[1] Following his recitation of facts, Plaintiff alleged the following causes of action, with each cause of action incorporating all of the previous paragraphs:

    Count I-Negligence/Gross Negligence/Reckless Disregard for the Rights of Plaintiff against Defendant Shelter;

    Count II-Breach of Contract (against Shelter);

    Count III-Breach of Duty of Good Faith and Fair Dealing (against Shelter);

    Count IV-Breach of Contract (against Jordan);

    Count V-Breach of Fiduciary Duties (against Shelter);

    Count VI-Intentional Infliction of Emotional Distress (against Shelter);

    Count VII- Intentional Infliction of Emotional Distress (against Shelter);[2]

    Count VIII-Negligence, Gross Negligence, and Wanton Failure to Monitor and Train Agents and Adjusters (against Shelter);

---

[1] Shelter claims in its motion that it concluded that Plaintiff is not entitled to coverage due to a violation of the intentional acts exclusion in the insurance policy and Mississippi common law and because Plaintiff intentionally concealed and misrepresented material facts and circumstances relevant to the loss in his claim to Shelter. [6] at p. 2.
[2] Although the allegations in each count are worded differently, it is difficult to distinguish what makes each claim distinct and why it was pled separately.

Count IX-Damages[3]

Count X-Negligence against Sumrall

Count XI-Damages[4]

Shelter removed the case to this court, based on 28 U.S.C. § 1332, contending in their removal papers, as well as in its Motion to Sever, that jurisdiction is proper because Jordan and Sumrall have been fraudulently joined to defeat diversity jurisdiction.[5] Shelter contends these two nondiverse Defendants were fraudulently joined to defeat diversity jurisdiction in this action because Plaintiff has not sufficiently pled a viable cause of action against either of them.[6] On January 16, 2020, Plaintiff filed his Motion to Remand [10], in which he argues that joinder is proper because he has indeed stated claims against Jordan and Sumrall.[7]

## II. DISCUSSION

### A. Applicable Law for Removal/Remand

Federal courts are courts of limited jurisdiction, whose jurisdiction is conferred by the Constitution or Congress. *See Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255,

---

[3] This is not a separate cause of action, but rather would be encompassed within every other valid cause of action.
[4] *See* n. 2.
[5] Jordan and Sumrall's Motion to Dismiss merely adopts the arguments contained in the Notice of Removal and the Motion to Sever. *See* [7] at ¶ 2.
[6] The Fifth Circuit uses the term "fraudulent joinder" and "improper joinder" interchangeably, but the preferred term is "improper joinder." *See Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 574 n. 1 (5th Cir. 2004) (en banc) (stating that "[a]lthough there is no substantive difference . . . 'improper joinder' is preferred."). The term "fraudulent joinder" has since continued to be used by the Fifth Circuit. *See, e.g., Salazar v. Allstate Tex. Lloyd's, Inc.*, 455 F.3d 571, 573 (5th Cir. 2006) (stating "under the fraudulent joinder doctrine, federal removal jurisdiction is premised on diversity and cannot be defeated by the presence of an improperly-joined nondiverse and/or in-state defendant."). The Court may use either term to refer to the same doctrine.
[7] Plaintiff states that Shelter is arguing fraudulent joinder and fraudulent misjoinder. [11] at p. 3. However, the Court finds no fraudulent misjoinder argument in either Defendant's response to the request for remand or in the motion to sever. Thus, such doctrine will not be addressed. Plaintiff also states that a "claim of fraudulent joinder must be 'pleaded with particularity and supported by clear and convincing evidence.'" [11] at p. 5, citing *Parks v. New York Times Co.*, 308 F.2d 474, 478 (5th Cir. 1962), a nearly 60-year-old case from the former Fifth Circuit. However, as the Eleventh Circuit has noted, this Court "is not convinced that *Parks* remains good law in light of the numerous [] opinions which have failed to enunciate a clear and convincing requirement." *Campana v. Am. Home Prod. Corp.*, No. 1:99CV250MMP, 2000 WL 35547714, at *3 n.5 (N.D. Fla. Mar. 7, 2000). According to clear, current Fifth Circuit law, a Rule 12(b)(6) analysis is all that is required. *See, e.g., Smallwood*, 385 F.3d at 573; *Int'l Energy*, 818 F.3d at 204. Therefore, the fact that Shelter has provided no sworn testimony, documents or other admissible evidence, as Plaintiff complains, is of no moment. The allegations of the Complaint can be all that is necessary.

257 (5th Cir. 2014); *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.,* 668 F.3d 281, 286 (5th Cir. 2012). "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Nowlin v. United States*, 81 F. Supp. 3d 514, 524 (N.D. Miss. 2015). "Because removal raises significant federalism concerns, the removal statute is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand." *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008).

"Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Lincoln Property Co. v. Roche*, 546 U.S. 81, 84, 126 S. Ct. 606, 163 L. Ed. 2d 415 (2005). In this case, Plaintiff and Defendants Jordan and Sumrall are all citizens of the State of Mississippi. [1-2] at ¶¶ 1, ). Thus, facially, complete diversity does not exist. However, because the removal statute provides as follows: "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if *any of the parties in interest properly joined* and served as defendants is a citizen of the State in which such action is brought," 28 U.S.C. § 1441(b)(emphasis added), if a defendant is not properly joined, then removal would again be proper. *See Smallwood v. Central Ill. Railroad Co.*, 385 F.3d 568, 573 (5th Cir. 2004). "The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Id*. at 574.

**B. Applicable Law for Improper Joinder**

The Fifth Circuit has recognized two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood,* 385 F.3d at 573 (quoting *Travis v. Irby*,

326 F.3d 644, 646–47 (5th Cir. 2003)). There is no dispute regarding the citizenship of the parties and no allegations of fraud; thus, only the second means is at issue.

In this Circuit, "the test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id*. One of the means of predicting whether a plaintiff has a reasonable basis of recovery under state law is to "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state laws against the in-state defendant." *Id*.

The Fifth Circuit has clarified that a Rule 12(b)(6) analysis necessarily incorporates the federal pleading standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). *See Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd*., 818 F.3d 193, 204 (5th Cir. 2016). The Court is bound by Fifth Circuit precedent, and therefore, must apply the federal pleading standards. Thus, in conducting the Rule 12(b)(6) analysis, although Plaintiff's complaint need not set forth "detailed factual allegations," the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *see also Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). A plaintiffs obligation is to supply "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *PSKS, Inc. v. Leegin Creative Leather Prods., Inc*., 615 F.3d 412, 417 (5th Cir. 2010).

Rather, a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570); *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

5

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. In evaluating the sufficiency of a complaint under Rule 12(c), the court must construe the complaint liberally and accept all of the plaintiff's well-pleaded factual allegations as true. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2009). Keeping these principles in mind, the Court will now assess the viability of Plaintiff's claims against Jordan and Sumrall.

### C. Claim against Jeremy Jordan

Plaintiff contends that he has adequately asserted a viable cause of action against Jeremy Jordan, the insurance adjuster who was assigned to and investigated Plaintiff's claim. Relying on *Bass v. California Life Insurance Co.*, 581 So. 2d 1087, (Miss. 1991), Plaintiff correctly states that while an adjuster may not be liable for simple negligence, such individual can be held liable when a claim alleges gross negligence, malice or reckless disregard for the rights of the insured.[8] [11] at p. 6. However, Plaintiff has not alleged a gross negligence claim against Jordan. See [1-2] at Count IV.

First, the only claim against Jordan individually appears to be contained in Count IV and titled "Breach of Contract." [1-2] at ¶¶ 58-63. Plaintiff's wording of the claim emphasizes that such is the cause of action pled. The allegations clearly state: "Defendant Jordan has failed refused, and neglected to comply with the terms and conditions of said insurance policy . . . and thereby breached the insurance contract between Defendant Shelter and Plaintiff Joseph Kirby." [1-2] at ¶ 59. It is axiomatic that in order to recover for a breach of a contract, there must be a valid and existing contract between the parties to the action. *See Bissette v. Univ. of Mississippi Med. Ctr.*, 282 So. 3d 507, 513 (Miss. Ct. App. 2019) ("In order to recover damages from a breach of contract, or for failure to carry out the terms of the contract, there must be a

6

relationship of privity of contract between the party damaged and the party sought to be held liable for the breach of the contract.") There is no contact between Jordan and the Plaintiff. The alleged contract is the policy of insurance, which is clearly, and admittedly, between the insurance company Shelter and Plaintiff. Therefore, there can be no individual liability on the part of Jordan for breaching a contract to which he is not a party. "An agent for a disclosed principal is not a party to the principal's contract and incurs no liability under the contract, absent fraud." *Thompson v. Nationwide Mut. Ins. Co.*, 971 F. Supp. 242, 243 (N.D. Miss. 1997), Plaintiff provides no argument or legal support for any contrary position.

The lack of a valid contract consequently undermines the additional claim contained in Count IV. Plaintiff alleged that "Jordan owes Plaintiff a duty of good faith and fair dealing under the terms of said insurance policy," and "Jordan breached its duty . . . in the following ways . . . ." [1-2] at ¶¶ 60-61. The covenant or duty of good faith and fair dealing is implied in every contract. *See Jones v. Miss. Institutions of Higher Learning*, 264 So. 3d 9, 19 (Miss. Ct. App. 2018) (citing *Cenac v. Murry*, 609 So. 2d 1257, 1272 (Miss. 1992)). "[T]o have a breach of the duty of implied good faith and fair dealing there must first be an existing contract and then a breach of that contract." *Id*. (citing *Daniels v. Parker & Assocs. Inc.*, 99 So. 3d 797, 801 (Miss. Ct. App. 2012)). In other words, the duty arises "from the existence of a *contract* between the parties." *Id*. (citing *Am. Bankers' Ins. Co. of Fla. v. Wells*, 819 So. 2d 1196, 1207 (Miss. 2001)). Here, there can be no breach of this implied duty, and likewise no liability, because there is no existing contract between Plaintiff and Jordan.

Even disregarding this particular wording and taking all of the allegations as true and in the light most favorable to Plaintiff, the Court finds the allegations simply do not support a claim for gross negligence against Jordan individually. Although the allegations in Paragraph 63 of the

---

[8] This will be referred to *infra* as "the *Bass* standard."

Complaint state "Defendant Jordan has willfully and intentionally wronged the Plaintiff or treated the Plaintiff with gross and reckless negligence as is equivalent to such a wrong entitling the Plaintiff to recover punitive damages from Defendant in addition to actual damages," there are no facts to support such a bare legal conclusion. Such pleading is insufficient. *See Twombly*, 550 U.S. at 555; *see also Luckett v. Allstate Indem. Co.*, No. 3:18-cv-00275, 2019 U.S. Dist. LEXIS 54942 at \*21-\*22 (S.D. Miss. Mar. 30, 2019) (finding generic and conclusory allegations of gross negligence cannot withstand a Rule 12(b)(6) motion). There are simply no specific acts or omissions that allege wrongdoing by Jordan that would rise to the level of gross negligence.

Finally, Plaintiff argues that Jordan is named as a defendant in his capacity as an adjuster, representative and employee of Shelter, and should the claims against him be dismissed, the Court will effectively bar claims for relief against Shelter under the doctrine of respondeat superior. In support of this argument, Plaintiff cites to *J&J Timber Co. v. Broome*, 932 So. 2d 1, 6 (Miss. 2006) and *Smith v. Taylor Propane, Inc.*, No. Civ. 2:08-cv-149, 2009 WL 1851001 (S.D. Miss. June 26, 2009). However, such cases are inapplicable. *J&J Timber* and *Taylor Propane* both involved personal injury actions arising from automobile accidents involving drivers and their employers—not an insurance company acting through its agents. The plaintiffs in those cases alleged respondeat superior claims arising from the negligence of the drivers as a way to impute liability to the company.[9] Here, Plaintiff has a direct cause of action against its insurer arising from a contract between the parties, as well as a bad faith claim directly against its insurer, and an insurance company, like any other corporate entity, has to "act" through its agents/employees. As such, there is no need for respondeat superior liability in this context.

---

[9] As Defendant aptly points out, these cases also stand for the proposition that a derivative claim against a principal cannot be maintained when the plaintiff releases the at-fault employee from liability, which is simply not the case here. *See* [23] at p. 3.

Finally, Plaintiff argues that the Mississippi Supreme Court has held that an individual who participates in the bad faith denial of a worker's compensation claim can be personally named in the resulting suit, citing to *Coleman v. Crum & Forester Holdings Corp.,* No. 3:13-cv-403, 2014 WL 11514900 (S.D. Miss. Sept. 12, 2014), which had quoted from *Leathers v. Aetna Casualty & Surety Co.,* 500 So. 2d 451 (Miss. 1986). [11] at p. 8. These cases also do not support Plaintiff's contention that a claim has been stated. As Plaintiff admits, these holdings pertain to workers' compensation claims, which are not at issue here. Even so, the standard articulated in *Leathers* was that an agent can be liable for a *bad faith* denial, which implies more than simple negligence. Such a standard is quite similar to the *Bass* standard, which also requires more than simple negligence. As the Court has already concluded, Plaintiff has not alleged facts on the part of Jordan that give rise to a gross negligence claim. Therefore, because Plaintiff has failed to state a claim under state law, the claims against Jordan shall be dismissed.

### D. Claim against Allen Sumrall

The allegations of the Complaint relative to Sumrall state, in relevant part, "Allen Sumrall failed to exercise reasonable care in advising the Plaintiff that he would be covered under the policy for damages; Plaintiff would further show that he relied on Sumrall's advice and in fact purchased the insurance coverage policy under Shelter as a direct result of Sumrall's advice." [1-2] at ¶¶ 92, 93. Based on these allegations, the advice had to have preceded the purchase of the policy. However, the Complaint does not state exactly what the advice was; thus, one must assume that Plaintiff is alleging that Sumrall advised that a future loss caused by a fire would be covered by the policy, and that this induced Plaintiff to purchase the policy. Such logic is nonsensical because there is fire coverage under the policy, and there is no allegation that Sumrall gave some sort of guarantee of coverage. To the extent the agent was offering an opinion on a loss that has not yet occurred, as Defendant points out, this does not appear to be

actionable under Mississippi law. "Under Mississippi law the mere expression of an opinion is not actionable." *Thompson*, 971 F. Supp. at 243 (citing *White v. Hancock Bank*, 477 So. 2d 265, 270 (Miss. 1985)).

To the extent Plaintiff is attempting to allege that Sumrall made a fraudulent misrepresentation, such a claim must be pled with particularity. *See* Fed. R. Civ. P. 9(b); *Shushany v. Allwaste, Inc.,* 992 F.2d 517, 524 (5th Cir. 1993) (dismissing claims for fraudulent misrepresentation with prejudice for failing to plead with particularity). Shelter's assessment that the allegations are confusing ([23] at p. 4), is undoubtedly the result of too vague a pleading. Even in the Motion to Remand, Plaintiff's argument is simply that "Plaintiff adequately alleged that he relied on Sumrall's advice and in fact purchased the insurance coverage under Shelter as a direct result of Sumrall's advice; that as a direct result of Sumrall's breach of his duty to exercise reasonable care, the Plaintiff has suffered extensive damage." It is hard to imagine how purchasing coverage for the peril at issue caused Plaintiff extensive damage. Nevertheless, these are merely conclusory allegations that are insufficient under federal pleading standards.

Finally, Plaintiff asserts his claim is valid because Mississippi law recognizes negligence claims against insurance agents when the agent offered advice to the insured regarding coverage, citing *Mladineo v. Schmidt*, 52 So. 3d 1154 (Miss. 2010). However, the facts of *Mladineo* reveal a quite different scenario from the one here. In *Mladineo*, the Plaintiff alleged that the defendant agent had misrepresented to the plaintiff that the subject property was not in a flood plain and counseled *against* procuring flood insurance. *Id*. at 1157. Thus, by not procuring flood insurance, the plaintiff's claim was uninsured when the property flooded during Hurricane Katrina and caused water damage. *Id*. Here, there is no allegation of an uninsured claim based on *a lack of coverage* due to a misrepresentation or Sumrall's failure to use reasonable care in offering advice.

Plaintiff simply pleads that Shelter has not paid—not that the claim itself is uninsured or that Plaintiff did not procure fire insurance because of Sumrall's misrepresentations in giving advice. There is no dispute that the policy contains fire coverage, and there is no allegation that Shelter's failure to pay or denial of the claim is in any way proximately caused some advice by Sumrall that Plaintiff has not particularly alleged. Based on the foregoing, the Court finds that Plaintiff is unable to establish a cause of action against Sumrall under the federal pleading standards.

### III. CONCLUSION

Based on the foregoing, the Court finds that Plaintiff has failed to adequately plead causes of action against the non-diverse Defendants Jeremy Jordan and Allen Sumrall, therefore would not be able to recover against them under Mississippi law. Accordingly, finding that those two Defendants have been improperly joined, it is hereby ORDERED that **all claims against them are dismissed without prejudice**.

It is FURTHER ORDERED that the Motion to Remand [10] is **denied**.

It is FURTHER ORDERED Shelter's Motion to Sever [5] is **granted**; and Defendants, Jeremy Jordan's and Allen Sumrall's Motion to Dismiss for Lack of Subject Matter Jurisdiction [7] is also **granted**.

Finally, it is FURTHER ORDERED that the stay of this matter entered January 17, 2020 [13], pending the Court's ruling on this Motion to Remand, is hereby **lifted**.

SO ORDERED AND ADJUDGED this 24th day of February 2020.

/s/ Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE